PEOPLE v. HOBDY.

1. CRIMINAL LAW—COURT RULE—APPOINTMENT OF COUNSEL—DENIAL OF DUE PROCESS.
    Any felony prosecution in which an accused is not represented by counsel, and does not expressly waive benefit of counsel, does not fulfill the requirements of a fair trial, and thus is a denial of due process (Court Rule No 35A [1945]; GCR 1963, 785.3).

2. SAME—ARRAIGNMENT—APPOINTMENT OF COUNSEL—OPPORTUNITY TO REQUEST—WAIVER.
    Statement of court on arraignment of defendant on charge of breaking and entering in the nighttime that defendant was entitled to appointed counsel on a showing of indigency did not comply with pertinent court rule, where the court then proceeded to ask defendant to plead without giving him the opportunity to expressly request or waive benefit of counsel (CL 1948, § 750.110; Court Rule No 35A [1945]).

Appeal from Berrien; Zick (Karl F.), J. Submitted Division 3 October 7, 1966, at Grand Rapids. (Docket No. 1,556.) Decided November 22, 1966. Rehearing denied December 30, 1966. Leave to appeal granted by Supreme Court March 28, 1967. See 379 Mich 757, 380 Mich 686.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 316, 317.
[2] Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.

Phillip Hobdy was convicted, upon plea of guilty, of breaking and entering in the nighttime. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for plaintiff.

*Thomas H. Adams, Jr.* for defendant.

BURNS, P. J. The defendant was charged with the offense of breaking and entering in the nighttime with intent to commit larceny.[1] He was arraigned before the circuit judge on July 7, 1961. At his arraignment the following colloquy occurred between the trial judge and the defendant:

*"The Court:* You are entitled to a jury trial under this charge if you want one and entitled to be represented by a lawyer, a lawyer of your own choosing if you can retain one, or counsel appointed by the court for you if you want counsel and can't afford a lawyer and make a proper showing. Do you understand those rights?

*"Defendant:* Yes, I do.

*"The Court:* Right to a jury trial and right to a lawyer. Also, you have a right, of course, to plead guilty or not guilty, as the case may be, to this charge. With that explanation of your rights, what do you wish to do?

*"Defendant:* I wish to plead not guilty—I mean guilty, sir."

The defendant was sentenced to prison for a period of not less than 7 and not more than 15 years. Thereafter, on defendant's application, counsel was

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305). See currently, CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

appointed for postconviction proceedings and this Court granted leave to appeal.

The defendant has raised 3 issues on his appeal; however, we shall discuss only 1 of these grounds: did the defendant knowingly and understandingly waive his right to counsel?

At the time of the arraignment Court Rule No 35A [1945], now GCR 1963, 785.3, was in effect, which reads:

"Arraignment and Sentencing. In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:

"(1) Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him."

The Supreme Court of Michigan interpreted the above court rule in the case of *In re Palmer* (1963), 371 Mich 656, and on page 666 stated:

"The import of *Gideon*[2] is that *any* felony prosecution in which an accused is not represented by counsel, *and does not expressly waive benefit of counsel,* does not fulfill the requirements of a 'fair trial' and thus is a denial of due process." (Emphasis partially supplied.)

The defendant did not *expressly waive* his right to counsel. The defendant's plea of guilty is hereby set aside and the case is remanded for trial.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.

[2] *Gideon* v. *Wainwright,* 372 US 335 (83 S Ct 792, 9 L ed 2d 799, 93 ALR2d 733).—REPORTER.