PEOPLE *v.* McFARLAND

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL—WAIVER.

An accused in a criminal trial may waive appointed counsel, after trial court explains the right of appointed counsel, by stating a desire to plead guilty, since an express waiver of the right to be assisted by counsel is not required.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—DUE PROCESS—RIGHT TO APPOINTED COUNSEL.

Defendant charged with carrying a concealed weapon was adequately advised of her right to be assisted by counsel, where the trial court advised her that she had a right to counsel and that the court would appoint one if she so requested but did not tell her that she had a right to appointed counsel if she could not afford to retain one through her own funds (CL 1948, § 750.227).

3. CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCES—DUTY OF TRIAL COURT TO ADVISE.

There is no requirement that a defendant be advised of the minimum and maximum terms of imprisonment accompanying the offense charged before being asked to plead, and defendant was adequately advised of the consequences of her plea when she was advised that she was subject to a possible prison sentence (CL 1948, § 750.227).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 316, 317.
[2] 21 Am Jur 2d, Criminal Law § 309.
Accused's right to counsel under the Federal Constitution—Supreme Court cases. 18 L Ed 1420.
[3] 21 Am Jur 2d, Criminal Law §§ 487–489.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[4] 21 Am Jur 2d, Criminal Law § 485,

4. Criminal Law—Guilty Plea—Illness.

> The fact that a defendant in a criminal action is suffering from an illness does not necessarily invalidate a guilty plea, and the acceptance of defendant's plea was not error where there was no showing that defendant's illness was such that she could not rationally and intelligently enter her plea, where she did not allege that there was a miscarriage of justice, and where she at no time said she was not guilty of the offense charged (CL 1948, § 750.227).

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 June 4, 1969, at Detroit. (Docket No. 3,431.) Decided June 23, 1969.

Hasser Evelyn McFarland was convicted on her plea of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul E. Braunlich,* Prosecuting Attorney, and *James J. Rostash,* Chief Assistant Prosecuting Attorney, for the people.

*Daniel L. Sullivan,* for defendant on appeal.

BEFORE: Holbrook, P. J., and McGregor and Bronson, JJ.

Per Curiam. Defendant, Hasser Evelyn McFarland, plead guilty to a charge of carrying a concealed weapon.* She was sentenced to a term of 15 months to 5 years in the Detroit House of Correction. From her conviction, defendant appeals.

Defendant bases this appeal on two issues:

1) Defendant did not adequately waive her right to be assisted by counsel;

---

* CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).

2) The trial court could not properly have accepted defendant's plea of guilty.

Defendant contends that even though the court advised her that she had the right to counsel and that the court would appoint one if she so desired, the court erred by not telling her that she had a right to appointed counsel if she could not afford to retain one with her own funds. Defendant also argues that she did not expressly waive her right to counsel.

In the lower court the following colloquy took place:

"By the Court: (Interrogating defendant McFarland):

\* \* \*

"Q. You have the right to have an attorney, and the court will appoint an attorney for you if you so request. Do you understand that you have the right to counsel?

"A. Yes.

"Q. Are you requesting appointment of an attorney by the court?

"A. No, Your Honor. Thank you, but I would like to change my plea to not guilty, and I would like a probation investigation, if you please.

"Q. Well, before we come to that, you have told me you don't wish me to appoint an attorney for you; you don't want that?

"A. If I plead guilty?

"Q. But you have a right to an attorney and I must be sure that you understand that, and you are not asking that?

"A. Do I need an attorney if I plead guilty?

"Q. No, you don't need to, but you still have the right to an attorney.

"Mr. Rostash: Your Honor, she has indicated at one time she wanted to plead not guilty, and now guilty.

"*Q.* Now before you do that, though, you told me you don't wish an attorney, first of all?

"*A.* Well, yes."

This language substantially complies with the language approved by the Michigan Supreme Court in the case of *People* v. *Dunn* (1968), 380 Mich 693, 696.

The Court in *Dunn* made the following comments (p 699):

"We here hold that when a trial judge says, as did Judge Simpson here, 'You understand * * * that you are entitled to an attorney of your own choice and if you are unable to furnish one that the State will furnish you one,' the right to assistance of counsel has been explained, and an offer of counsel made.

"We further hold that after such an explanation, or one of like substance, and the court asks, as here, a question that fairly imports 'What do you want to do?' and the accused replies, in substance, 'I plead guilty', or 'I desire to plead guilty', he has within all constitutional rule, statute, and case law requirement, competently, intelligently, and understandingly waived his right to counsel."

*People* v. *Dunn, supra,* and *People* v. *Hobdy* (1968), 380 Mich 686, *reversing* 5 Mich App 275 (cited by defendant), specifically hold that an express waiver of the right to counsel is not required.

Therefore, under the facts of this case the defendant was adequately advised of her right to counsel and there was no error in this regard.

Defendant also contends that she was not adequately advised of the consequences of her plea, because the trial court did not indicate the minimum and maximum sentences related to the crime for which she was charged. Finally, defendant argues that her guilty plea should not have been accepted

because of her alleged illness at the time the proceeding was conducted.

The court advised the defendant in the following language:

"*Q*. This is, under Michigan law, a felony, and could be followed by State prison sentence if you were found guilty; you understand that?
"*A*. Yes."

Similar language was approved by this Court in the case of *People* v. *Menton* (1967), 7 Mich App 267, 271, 272. Furthermore, this Court in *People* v. *Charles A. White* (1967), 8 Mich App 220, 222–224, stated that the question of whether or not the the defendant was advised of the possible prison sentence has no relationship to the question of whether defendant was aware of the consequences of his plea. In so doing, the Court declared that the language of *People* v. *Atkins* (1966), 2 Mich App 199, relied on by defendant in this case, was merely dictum. Consequently, defendant cannot prevail on this question since there is no requirement that such advice be given, and since the defendant was advised that she was subject to a possible prison sentence.

Defendant's alleged illness was brought to the attention of the court by the prosecution. The transcript reveals that the following interchange then ensued:

"*The Court:* I didn't know you were ill. You are able to do what we did today? You were not asking an adjournment; I would have granted you an adjournment for illness.
"*Mrs. McFarland:* No. My illness is a lifetime thing. I am an epileptic."

This tends to detract from defendant's argument that this illness resulted in her pleading guilty.

The fact that a defendant is suffering from an illness does not necessarily invalidate a guilty plea.

There is no showing that defendant's condition was causing her such difficulty and pain that she could not intelligently and rationally enter her plea. The fact that some of her responses were not directly related to the questions asked does not necessarily prove that she did not understand what she was doing at the time or that she did not understand the consequences of her plea.

Finally, it is noted that at no time has defendant alleged or argued that she was the victim of a miscarriage of justice or that she is *not* guilty of the crime to which she pleaded, as required by *People* v. *Winegar* (1968), 380 Mich 719, 733.

Affirmed.