PEOPLE *v.* MAURICE JONES

1. CRIMINAL LAW—PLEA OF GUILTY—MAXIMUM SENTENCE.
   A trial court need not inform a defendant of the maximum sentence to which a plea of guilty will subject him.

2. CRIMINAL LAW—PLEA OF GUILTY—MAXIMUM SENTENCE—ERRONEOUS ADVICE.
   Trial court could not reform a guilty-pleading defendant's sentence from a maximum of five years to a maximum of ten years even though the trial court had imposed the original sentence under the erroneous impression that the maximum was five years, and in fact the statutory maximum was ten years, where the judge had informed the defendant, before he pled guilty, that the maximum sentence was five years and where the defendant apparently relied on the trial judge's erroneous information in deciding to plead guilty.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 November 3, 1971, at Detroit. (Docket No. 11436.) Decided November 29, 1971.

Maurice Jones was convicted, on his plea of *nolo contendere,* of an attempt to take indecent liberties with a minor. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 487.
[2] 21 Am Jur 2d, Criminal Law §§ 487, 489, 495.

Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Robert A. Reuther*, Assistant Prosecuting Attorney, for the people.

*Carl Ziemba*, for defendant on appeal.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. Defendant was charged with attempt to take indecent liberties with (MCLA § 750-.336 [Stat Ann 1954 Rev § 28.568]), and having carnal knowledge of, a minor under 16 years of age (MCLA § 750.520 [Stat Ann 1954 Rev § 28.788]).

On October 13, 1970, a hearing was held before a judge of the recorder's court at which time defendant purported to offer a plea of *nolo contendere* to the charge of attempt to take indecent liberties with a minor. The judge informed defendant, before plea was entered, that the maximum sentence he could receive was five years. Defendant proceeded to unequivocally waive, both orally and in writing, his right to trial by jury. The court then conducted proceedings as though defendant had pled guilty. On November 4, 1970, defendant was sentenced to serve from 2–1/2 to 5 years. On February 22, 1971, the court set aside the sentence which had been imposed on November 4, 1970, and imposed a new sentence of from 2–1/2 to 10 years. The judge explained that he had erroneously believed the maximum sentence under the indecent liberties statute was five years where in actuality it was ten. Defendant's attorney indicated that perhaps defendant would

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

like to withdraw his plea because it was entered on the belief that attempt to take indecent liberties carried a maximum sentence of five years. The court, nevertheless reformed defendant's sentence from a maximum of five to a maximum of ten years.

It has been held that the requirement of GCR 1963, 785.3, that the defendant be informed of the consequences of his plea does not require that the defendant be informed of the maximum or minimum sentences to which his plea will subject him as long as the defendant knows he is subject to punishment. *People* v. *McFarland* (1969), 17 Mich App 599. Even though the court was not required to volunteer the maximum statutory sentence in this case, the court did so, erroneously informing defendant. It appears to this Court that the policy of GCR 1963, 785.3, in requiring that the defendant be apprised of the consequences of his plea implies that the defendant not suffer misfortune because of a misstatement of the consequences of his plea by the court. Because of defendant's apparent reliance on the representation of the court, it was error for the court to reform defendant's sentence in the manner here attempted.

Reversed and remanded.