PEOPLE v POINDEXTER

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Pʟᴇᴀ ᴏғ Gᴜɪʟᴛʏ—Vᴏʟᴜɴᴛᴀʀɪɴᴇss ᴏғ Pʟᴇᴀ.

    Substance and not form will control the acceptance of guilty pleas and in considering whether such a plea was made without undue influence, complusion or duress the rule is satisfied if the trial court determines that defendant's plea is voluntarily made; where a defendant enters separate pleas of guilty to two charges, appellate review of the voluntariness of the plea to the second charge may include consideration of the thoroughness of the trial court's examination or acceptance of the plea to the first charge (GCR 1963, 785.3).

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Pʟᴇᴀ ᴏғ Gᴜɪʟᴛʏ—CᴏɴsᴇQᴜᴇɴᴄᴇs ᴏғ Pʟᴇᴀ—Iɴᴄᴏʀ-ʀᴇᴄᴛ Sᴛᴀᴛᴇᴍᴇɴᴛ—Pʀᴇᴊᴜᴅɪᴄᴇ.

    An incorrect statement by defense counsel that a defendant could be sentenced to anything between life imprisonment and probation for a plea of guilty of second-degree murder need not be corrected by the trial court where the defendant was pleading guilty to lesser but nevertheless serious charges and a review of the record reveals that defendant was not misled by his attorney's statement.

Appeal from Recorder's Court of Detroit, John T. Murphy, J. Submitted Division 1 October 10, 1972, at Detroit. (Docket Nos. 12277, 12278.) Decided January 16, 1973.

Larry L. Poindexter was convicted, on his pleas of guilty, of second-degree murder and assault with intent to rob being armed. Defendant appeals. Affirmed.

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

[2] 21 Am Jur 2d, Criminal Law § 487.

    Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof, 97 ALR2d 549.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop, Jr.,* Assistant Prosecuting Attorney, for the people.

*Robert E. McCall,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

V. J. BRENNAN, P. J. Defendant was charged with first-degree murder (MCLA 750.316; MSA 28.548) and armed robbery (MCLA 750.529; MSA 28.797). In consecutive proceedings before a judge of the Detroit Recorder's Court, defendant's pleas of guilty to second-degree murder (MCLA 750.317; MSA 28.549) and assault with intent to rob being armed (MCLA 750.89; MSA 28.284) were accepted. He was later sentenced and now appeals as of right; the two cases were consolidated by an order of this Court.

The first of the two arguments advanced by the defendant is that the trial court erred by failing to ascertain whether defendant's plea of guilty to the lesser offense in the robbery case was made without undue influence, compulsion, or duress. The defendant's argument is based on GCR 1963, 785.3(2). In discussing this rule, which governs the acceptance of guilty pleas, this Court has often stated that substance and not form will control, and that the rule is satisfied in this respect if the trial court determines that defendant's plea is voluntarily made. *People v Newton,* 32 Mich App 271 (1971). The trial court's examination in this

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

respect was adequate, especially in view of the court's more thorough and detailed examination on the murder charge which was the first to be considered.

The other argument advanced by the defendant is that the trial court erred by failing to correct a statement made by defendant's attorney. Specifically, defense counsel on the murder charge stated that defendant had been advised that by pleading guilty to second-degree murder he could be sentenced to anything between life imprisonment and probation. That statement was incorrect since second-degree murder is not a probational offense. (See MCLA 771.1; MSA 28.1131.) The defendant's argument is based on this Court's holding in *People v Maurice Jones,* 37 Mich App 283, 285 (1971). It was therein held that the policy behind GCR 1963, 785.3,

"in requiring that the defendant be apprised of the consequences of his plea implies that the defendant not suffer misfortune because of a misstatement of the consequences of his plea by the court."

In that case the defendant was informed that his maximum possible sentence was five years, and this Court reversed for new trial after the trial court had revised defendant's sentence to a maximum of ten years.

In this case, however, we cannot believe defendant was prejudiced by the apparent misinformation. He was charged with serious crimes of violence, and was pleading guilty to lesser, but nevertheless serious, charges. We cannot believe that defendant's decision to plead guilty to these lesser offenses was motivated, or even influenced, by a belief that there was a possibility that he would be put on probation.

We also point out what transpired on pages 6 and 7 of the transcript, *viz.:*

"*The Court:* Do you understand that if I accept that plea of guilty, that you might go to prison for the rest of your life?

"*Mr. Poindexter:* Yes sir.

"*The Court:* Did anybody tell you what sentence you would get in the case?

"*Mr. Poindexter:* Yes sir.

"*The Court:* What did they tell you you would get?

"*Mr. Poindexter:* Life.

"*The Court:* They told you you would get life?

"*Mr. Poindexter:* They didn't tell me I would get it.

"*The Court:* They said you could get life?

"*Mr. Poindexter:* Yes.

"*The Court:* Did anybody tell you that you would get an easy sentence or a lenient sentence?

"*Mr. Poindexter:* No sir, nothing was promised to me."

On the basis of that colloquy, it was apparent that the defendant was not misled by his attorney's statement.

Affirmed.

All concurred.