539 P.2d 526

**The STATE of Arizona, Appellee,**

v.

**George Gregory RILEY, Appellant.**

**Nos. I CA–CR 893, I CA–CR 894.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 28, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Grove M. Callison, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

OPINION

FROEB, Judge.

The defendant, George Gregory Riley, was charged in Maricopa County Cause No. CR–80630 (sale of narcotic drug) and Cause No. CR–82925 (burglary, attempted grand theft and assault with a deadly weapon). Pursuant to written plea agreements signed by the defendant and filed with the court on August 29, 1974, the defendant pleaded guilty to sale of narcotic drug and burglary, second degree, in exchange for dismissal by the State of the charges of attempted grand theft and assault with a deadly weapon, as well as the dismissal of a companion case designated Maricopa County Superior Court Cause No. CR–78243 which charged unlawful use of narcotics. On October 1, 1974, the defendant was sentenced to not less than five years nor more than five years and one day on the sale of narcotic drug charge and not less than four years nor more than five years on the second degree burglary charge. Each sentence was to run concurrently with a five year sentence imposed in the United States District Court. The court ordered:

"   .   .   .   As punishment for this crime, it is ordered that you be sentenced to be

incarcerated for [the term in each case] commencing February 1, 1974, provided, however, the sentence hereby pronounced will run concurrently with the sentence pronounced in [the other Maricopa County Superior Court case] and, in addition, will run concurrently with the sentence imposed in CR–73564 PHX., out of the United States District Court.

"The sheriff of Maricopa County is directed to relinquish custody of the defendant to the custody of the appropriate Marshall in connection with the said Federal sentence provided, however, that if defendant is released by Federal authority in connection with said sentence prior to expiration of the sentence herein imposed, any remaining time will be spent in the Arizona State Prison, subject to applicable policies of the Arizona Department of Corrections and the State Board of Pardons and Paroles."

From the judgments and sentences imposed on October 1, 1974, the defendant has brought the current appeals. These appeals have been consolidated in this court because they both raise the issue of whether there was compliance with Rule 17.2(b), Rules of Criminal Procedure, 17 A.R.S., in that the defendant was not informed of the five year statutory minimum sentence without possibility of parole which he would have to serve by pleading guilty to the sale of narcotic drug.

At the time that the trial court accepted the defendant's pleas on August 29, 1974, we note the following colloquy:

"THE COURT: With regard to 80630, sale of narcotic drug, a felony, you could get from five years to life imprisonment, you understand that? Of course, you could get probation.

Are there special conditions of probation —or sentence, commutation or parole imposed by law?

MR. JONES [Deputy County Attorney]: I think there are with regard to this charge.

MR. BAUER [Deputy Public Defender]: Not in the time this charge came about, which was in August, 1973, your Honor.

THE COURT: Isn't there a requirement in the statute of the sale of narcotic drug that a certain minimum sentence be served?

MR. BAUER: Not in '73 your Honor. That's a law that went into effect sometime this year.

THE COURT: In other words, it's the representation of both defense and state there are no special conditions?

MR. JONES: To the best of our knowledge, your Honor, that's true.

MR. BAUER: That's a year ago."

From this dialogue it is obvious that both the court and counsel were unaware of the fact that A.R.S. § 36–1002.02 (sale of narcotic drug) provided that a person found guilty of selling narcotics shall be punished "by imprisonment in the state prison from five years to life, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than five years in prison." There is no showing in the plea agreement, or in any part of the trial court record, that the defendant was informed or knew that this minimum sentence would have to be served if probation was not given. In fact, the record is to the contrary, as counsel for the defendant stated to the court in the presence of the defendant that there was no statutory minimum time which had to be served. By reason of this, the defendant argues that the pleas were not knowingly and voluntarily entered, as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), nor were they entered in compliance with Rule 17.2(b), Rules of Criminal Procedure.

Prior to its adoption on September 1, 1973, of new rules of criminal procedure, the Arizona Supreme Court had held that a plea of guilty could stand even though

the record did not indicate that the defendant was informed of a statutory provision limiting his eligibility for parole. *State v. Ross*, 108 Ariz. 245, 495 P.2d 841 (1972). While recognizing that this was the rule followed in a minority of jurisdictions, the court nonetheless held that a statute providing that a defendant must serve a minimum sentence before eligibility for parole was not a matter encompassed by *Boykin* and thus not in the category of those matters which the record must affirmatively show were made known to the defendant.

Thereafter the Arizona Supreme Court adopted Rules of Criminal Procedure, Rule 17.2 of which reads as follows:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

a. The nature of the charge to which the plea is offered;

b. The nature and range of possible sentence for the offense to which the plea is offered, *including any special conditions regarding sentence, parole, or commutation imposed by statute*;

c. The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel; and

d. His right to plead not guilty."

[Emphasis added.]

Since Rule 17.2 was adopted after the *Ross* decision, we conclude that it is now controlling on this issue. In the present case, A.R.S. § 36–1002.02 provides, inter alia, for a minimum term of five years in prison, coupled with ineligibility for parole until five years have been served. Thus the rule requires the trial court to determine that the defendant understands this special statutory provision. In the present case, not only does the record fail to show this, but it affirmatively shows that incorrect information was made available, thus taking it one step beyond the fact situation in the *Ross* decision. As this is the case,

we find the plea of guilty in Cause No. 80630 was not knowingly and voluntarily made and thus must be set aside, together with the judgment of guilt and sentence thereunder. Inasmuch as the plea agreement in Cause No. 82925 was entered into simultaneously with the plea agreement in Cause No. 80630 and its provisions were contingent upon the disposition in Cause No. 80630, it too must be set aside, together with the judgment of guilt and sentence. As a consequence, each of the original charges, namely, sale of narcotic drug, burglary, attempted grand theft and assault with a deadly weapon in Causes No. 80630 and 82925, together with the charges dismissed in Cause No. 78243, are to be reinstated in all three cases for such further proceedings as are appropriate.

We turn now to another issue which we raise sua sponte dealing with the sentence itself. In both cases the trial court imposed sentence and then provided that they be served concurrently with the sentence imposed by the U. S. District Court in CR 73564 PHX. Though such a procedure can result in some difficulties, the Arizona Supreme Court has held such a sentence is within the discretion of the trial court. *State v. Rhodes*, 104 Ariz. 451, 454 P.2d 993 (1969). It is not clear, however, as to what are the precise terms of the sentences in the case at bar. The record does not include a copy of the sentence imposed by the U. S. District Court, so we are unable to consider it as it relates to the present case. The trial court has provided that, "if the defendant is released by federal authority in connection with [the federal sentence] prior to expiration of the sentence herein imposed, any remaining time will be spent in the Arizona State Prison . . .". We cannot determine whether "release by federal authority" means release from a facility or institution to parole status or whether it means a complete release from federal jurisdiction, including release from parole. The difficulty is further presented that the court, in each of the sentences, made provision to the effect

that the defendant was to be "incarcerated," yet the terms of the federal sentence with which the others are to be served concurrently does not appear necessarily to require "incarceration." In this regard, we take cognizance of the fact that A.R.S. § 36–1002.02 provides for "release" only after the defendant "has served not less than five years in prison." Although we have vacated the sentences in the consolidated cases, we raise the matter in order that it will be taken into account in such further proceedings in these cases as may be appropriate.

Reversed and remanded for further proceedings consistent with this opinion.

OGG, P. J., and DONOFRIO, J., concur.