560 P.2d 428

**STATE of Arizona, Appellee,**

v.

**James Charles HOLBERT, Appellant.**

**No. 3725–PR.**

Supreme Court of Arizona,
En Banc.

Review Granted Sept. 21, 1976.

Decided Feb. 10, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

James Charles Holbert was charged, by information, with armed burglary, second degree, armed robbery and the theft of a motor vehicle on March 10, 1976. On April 26, 1976, pursuant to a plea agreement, he pled guilty to the first two counts in exchange for dismissal of the third. He was sentenced on May 20, 1976 to not less than forty nor more than sixty years on both counts, to be served concurrently.

From the judgment and sentence Holbert appealed. An Anders[1] brief was filed in his behalf, raising the issue of "double punishment" under A.R.S. § 13–1641. That issue was resolved unfavorably to appellant in a memorandum decision by the Arizona Court of Appeals, and we feel, properly.

The Court of Appeals, in its review, felt there was no other fundamental error in the record before it, and affirmed the judgment and sentence. In a motion to that court for rehearing, however, appellant raised a new issue which, if correct, would amount to fundamental error. The motion was denied, and a petition for review to the Arizona Supreme Court was made and granted. Since the Court of Appeals was correct in deciding the first issue presented to it in this case, we will address ourselves only to the new issue raised by appellant in his motion for rehearing below: should the guilty plea be vacated because of misinformation provided him regarding his eligibility for parole? We think it should.

Although the plea agreement recited, word for word the appropriate sentencing statute with regard to appellant's eligibility

1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

for parole, it is obvious from the transcript of the plea proceedings that none of the attorneys present, nor the judge, properly explained the consequences of that statute to the appellant. The agreement read, in appropriate part:

"The crime to which the defendant will plead guilty carries a sentence no greater than . . . [f]or the armed robbery with a gun . . . imprisonment in the state prison for not less than five years, and in no case, except for a first offense committed by defendant with a deadly weapon *other than a gun*, shall the defendant be eligible for . . . parole until the defendant has served the *minimum sentence imposed*." (Emphasis added).

This language is almost identical to the statute then in effect under which appellant was to be sentenced.[2]

Appellant did commit the robbery with a gun. Therefore, he fell under the exception to the exception, *i.e.*, as a first offender under this statute he would be eligible for parole after serving the minimum five years, but because he was a first offender who used a gun, he would not be eligible for parole until he served whatever minimum sentence was imposed on him. In this case, it was forty years.

The following exchange took place as the judge personally addressed appellant about the plea agreement, pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 17.2:[3]

"THE COURT: Let's talk about the Armed Robbery. Robbery with a gun. You are not entitled to probation. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have to go jail . . . for five calendar years, *and you are not eligible for parole until the expiration of the five calendar years.* Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: So you understand that . . . *[Y]ou must serve this minimum mandatory five years before you would be eligible for parole.*

"THE DEFENDANT: Yes." (Emphasis added).

There were present at this exchange an attorney for the State of Arizona and an attorney for the defense. Neither spoke up or corrected the judge's misinterpretation of the governing law. We can only assume from this that the appellant was continuously misinformed, from the beginning, as to when he would be eligible for parole.

"For a plea to be intelligently made, a defendant must understand the 'consequences of the plea,' *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); [cites omitted] . . . and this must affirmatively appear on the record, *State v. Carr*, 108 Ariz. 203, 495 P.2d 134 (1972)." *State v. Geiger*, 113 Ariz. 297, 298, 552 P.2d 1191, 1192 (1976).

Appellant obviously did not understand the true consequences of his plea, since it is equally obvious that none of the attorneys present did either. The wording of A.R.S. § 13–643(B) is, unquestionably, confusing. Even though appellant may have read the plea agreement with that wording in it, we cannot assume a layman would understand what the judge and attorneys did not.

Based on the misinformation supplied to appellant, his plea could not have been knowingly and intelligently entered. We therefore reverse and remand to the trial court with orders to vacate the guilty plea and reinstitute all of the original charges against the appellant.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.

---

2. See A.R.S. § 13–643(B) as amended in Laws, 1975 ch. 23, § 3.

3. Rule 17.2(b) reads: "Before accepting a plea of guilty . . . the court shall address the defendant personally in open court, informing him of and determining that he understands the following: . . . [t]he nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, paroles or commutation imposed by statute."