**STATE of Iowa, Appellee,**

v.

**Thomas Vincent AUERBACH, Appellant.**

**No. 61267.**

Supreme Court of Iowa.

Sept. 19, 1979.

Harold G. DeKay, Atlantic, for appellant.

Thomas J. Miller, Atty. Gen., Ann Fitzgibbons, Asst. Atty. Gen., and Judson L. Frisk, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, HARRIS and ALLBEE, JJ.

LeGRAND, Justice.

This case is here on review from the Court of Appeals. It concerns a guilty plea to a charge of larceny of a motor vehicle (§ 321.82, The Code 1973) in which it is now alleged defendant did not understand the nature of the charge because the issue of intent was not explained to him. We affirm the decision of the Court of Appeals.

■ We must first relate the strange procedural circumstances surrounding this appeal. The plea was entered on October 23, 1973. No appeal was taken, but in 1977 defendant filed an application for postconviction relief under section 663A.1, The Code 1977. While that application was pending, we filed our opinion in *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977). In *Reaves* we said defendants who desire to challenge the validity of guilty pleas must first file a motion in arrest of judgment. Ch. 788, The Code 1977. Apparently becoming aware of *Reaves*, defendant amended his application for postconviction relief and designated it as a motion in arrest of judgment. This clouded, rather than cleared, the air because at the time in question such a motion could be filed only within ninety days of the judgment. § 788.2, The Code 1977. Thus, by amending, defendant lost his status under ch. 663A and gained none under ch. 788 because of late filing.

The Court of Appeals, relying on *State v. Rand*, 268 N.W.2d 642, 647 (Iowa 1978) (decided after the events here in question), correctly refused to reject defendant's petition because he did not comply with procedural requirements not yet in effect at the times material here. We agree that his case should be reviewed as though still brought as an application for postconviction relief.

Apparently we granted further review because of our fear that the Court of Ap-

peals' decision may have made retroactive the rule enunciated in *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974). That rule adopted Standard 4.2(a)(ii) of the American Bar Association Minimum Standards for Criminal Justice, The Function of the Trial Judge, prospectively only. *Id.* at 717. However, the present case is not concerned with that matter. The issue now before us is the adequacy of the plea according to *State v. Sisco*, 169 N.W.2d 542, 551 (Iowa 1969). As we pointed out in *Wallace v. State*, 245 N.W.2d 325 (Iowa 1976), much of what we said in *Brainard* was merely explanatory of *Sisco*. That is the extent to which *Brainard* figured in the Court of Appeals' decision.

■ The ultimate question to be decided is whether defendant's plea was invalid because he did not understand the intent necessary to support a conviction on a charge of larceny of a motor vehicle. When considering the adequacy of a guilty plea, each case must be measured by its own circumstances. *Brainard*, 222 N.W.2d at 714. Furthermore, the trial court need not "wring from defendant a detailed confession satisfying each element of the offense charged." *State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974).

■ However, we are unable to distinguish this case from *Brainard*. If the plea in that case was bad, the plea in the present case was, too. In each case the result turns on the question of intent. The record before us shows only that defendant did not intend to return the car to its owner. Under *Brainard*, this does not equate with an intent to deprive the owner permanently of his automobile, the *mens rea* required for this crime. *Brainard*, 222 N.W.2d at 721.

There may be, as the state argues, some differences in the circumstances between *Brainard* and the present case; but we can find no significant distinction between the two. The record is devoid of evidence from any source which could supply the necessary facts. In the postconviction hearing the state made no effort whatever to refute defendant's testimony concerning his lack of understanding. We are thus faced with what is essentially a one-party record.

We find no cause to disagree with the Court of Appeals, whose decision reversing the trial court and remanding the case for a new plea is affirmed.

DECISION OF COURT OF APPEALS AFFIRMED AND CASE REMANDED.