STATE of Iowa, Appellee,

v.

Jerry Allen BOONE, Appellant.

No. 64522.

Supreme Court of Iowa.

Nov. 12, 1980.

Kirke C. Quinn of Doran, Doran, Courter & Quinn, Boone, for appellant.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., and Jim T. Robbins, Boone County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

This appeal presents a challenge to a guilty plea proceeding. Defendant claims that his plea of guilty was not voluntarily and knowledgeably made. The district court denied his motion in arrest of judgment. We reverse and remand.

Defendant Jerry Allen Boone entered a guilty plea to the charge of robbery in the first degree in violation of section 711.2, The Code 1979, at the time of his arraignment on August 6, 1979. During the proceeding the court told the defendant on two occasions that a deferred sentence or probation were sentencing possibilities. In addition, after carefully explaining to the defendant that he was not bound by sentencing recommendations, the court emphasized: "But as far as what the sentence is, *I'm free to do whatever I think is right* up to the maximum sentence. Do you understand that?"

Defendant was sentenced to no more than twenty–five years. He obtained a new lawyer after incarceration. On October 9, 1979, an application for permission to file a motion in arrest of judgment was filed and later granted. The motion was filed and heard. At the hearing, defendant's former attorney was called as a witness by the state. The attorney testified that he had told the defendant that "he had twenty–five years and it was a mandatory sentence." Defendant denied he was told it was a mandatory sentence and testified that he believed that there was a possibility he would receive a suspended sentence. He said he did not know the difference between the word "mandatory" and "maximum" at that time. In denying the motion, the trial court concluded that the defendant knowingly and intelligently entered a plea of guilty.

I. *Jurisdiction.*

■ The parties in this appeal briefed and argued only one issue–the validity of the guilty plea. Before we can proceed to the merits of this issue, however, we must determine whether the district court had jurisdiction to entertain the motion in arrest of judgment. If the district court was without jurisdiction, we are likewise lacking jurisdiction. *State v. Nolte*, 249 N.W.2d 607, 608 (Iowa 1977). The parties cannot by appearance, consent, or waiver confer jurisdiction on this court. *State v. McCollom*, 260 Iowa 977, 980, 151 N.W.2d 519, 520 (1967). Under the circumstances of this case, we believe the trial court acted properly in extending the time to file the motion in arrest of judgment.

Defendant filed his application for an extension of time for his motion in arrest of judgment after judgment and sentence had already been pronounced. Under our rules, a motion in arrest of judgment must be filed not later than five days before judgment. Iowa R.Crim.P. 23(3)(b). To determine whether the trial court had jurisdiction to extend the time period for filing a motion in arrest of judgment, we must examine the relevant facts and construe rule 23(3)(b) in light of other rules.

Iowa R.Crim.P. 23(3)(a) provides that it is necessary to file a motion in arrest of judgment if a defendant wishes to challenge the adequacy of a guilty plea proceeding on

appeal. We have held that rule 23(3)(a) must be read in conjunction with Iowa R.Crim.P. 8(2)(b), which requires the court to inform a defendant that his failure to file a motion in arrest of judgment will preclude his right to challenge defects in a guilty plea proceeding on appeal. *State v. Worley*, 297 N.W.2d 368 (Iowa 1980). The court never informed Boone of the necessity of filing a motion in arrest of judgment. In *Worley* we held that appeal is not precluded because of the failure to file a motion in arrest of judgment in those cases where the judge did not inform the defendant of the necessity of the motion. However, the decision in *Worley* was not available to the defendant in October of 1979. He was within the sixty–day time limit for appeal from judgment. § 814.4, The Code 1979. However, he was faced with the rule 23(3)(a) requirement of motion before appeal. He chose to obtain an extension of time to file the motion, which was granted. By the time his motion was ruled on, his sixty–day appeal time from judgment had expired. We believe it would be unfair to cause a defendant to speculate on procedure when the court failed to give the required admonition and advice.

■ Under these limited circumstances, we conclude that the district court did not lose jurisdiction to extend the time for filing a motion in arrest of judgment. *See State v. Gillespie*, 271 N.W.2d 686, 688 (Iowa 1978) (right of appeal should not be lost when delay is caused by procedural prerequisite of filing motion in arrest of judgment); *cf. State v. Auerbach*, 283 N.W.2d 278, 279 (Iowa 1979) (untimely filed motion in arrest of judgment treated as petition for post conviction relief); *Manley v. State*, 278 N.W.2d 1, 3 (Iowa 1979) (appeal allowed on fairness basis despite failure to comply with judicially imposed requirement of motion in arrest of judgment); *State v. Gatewood*, 179 N.W.2d 520, 521 (Iowa 1979) (district court took evidence and decided a motion in arrest of judgment, despite losing jurisdiction by an appeal; we heard the appeal on the motion in arrest of judgment stating that the party had other avenues of relief and there was no purpose in dismissing it).

## II. *Guilty plea.*

Defendant was charged with the crime of robbery in the first degree, which is defined as a forcible felony. § 702.11, The Code 1979. A person convicted of a forcible felony is disqualified from receiving a deferred judgment or probation. § 907.3, The Code 1979. The State concedes that during the guilty plea proceedings the district court incorrectly indicated to the defendant that there was a possibility of a suspended sentence or a deferred judgment. Defendant contends that the improper advice produced an involuntary and unknowledgeable plea of guilty. We agree with this contention and reverse the district court's ruling on the motion in arrest of judgment.

■ A defendant who enters a plea of guilty waives several constitutional rights. For the waiver to be valid under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, there must be an intentional relinquishment of known rights or privileges. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of constitutional guarantees of due process and is therefore void. *McCarthy v. United States*, 394 U.S. 459, 463–64, 89 S.Ct. 1166, 22 L.Ed.2d 418, 423–24 (1969). The defendant must have a full understanding of the consequences of a plea before constitutional rights can be waived knowingly and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274, 279–80 (1969).

■ The *Boykin* holding makes federal standards applicable to state guilty plea proceedings. We recognized this and promulgated our own procedures and guidelines. *See State v. Sisco*, 169 N.W.2d 542, 548–51 (Iowa 1969). These have been expanded and incorporated in Iowa R.Crim.P. 8. When constitutional safeguards are involved, our method of review is to make an independent evaluation of the totality of

the relevant circumstances shown by the entire record and thus review the evidence de novo. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975).

■ Our review of the record reveals that the defendant, upon his first occasion to respond to the charge, indicated a desire to plead guilty. The district court correctly entered into a colloquy with the defendant, as required by our rules. Iowa R.Crim.P. 8(2)(b). He informed the defendant of the maximum sentence. It would not have been necessary for the court to inform the defendant that he was ineligible for a deferred judgment or suspended sentence. *State v. Woolsey*, 240 N.W.2d 651, 653 (Iowa 1976). However, Boone was incorrectly told that the sentencing possibilities included a deferred judgment or probation. Subsequent to this the court inquired of the defendant: "Now, Mr. Boone, I'm going to ask you one more time if it is still your desire to plead guilty after all I've gone through with you." Boone answered in the affirmative, and the court went on to find that the plea was voluntarily entered.

■ We believe the court placed in the defendant's mind the flickering hope of a disposition on sentencing that was not possible. To a defendant in court, the judge is the ultimate authority on the law concerning sentencing, and statements concerning possible sentences should be reliable. When the statements at issue were made, the required plea proceedings had not been completed nor had the plea been accepted by the court. Under the circumstances of this case, we do not believe that the plea was knowingly and intelligently entered.

The State cited *People v. Poindexter*, 44 Mich.App. 325, 205 N.W.2d 235 (1973), where a trial court failed to correct the defense attorney's misstatement that probation was an alternative. Defendant had been told that he would receive a life sentence, and the Michigan Court of Appeals concluded that he had not been misled. *Id.* at 326, 205 N.W.2d at 236. In our case, the misstatements were made by the court, and defendant disclaims that he was told he would receive the mandatory sentence. In *Poindexter* the Michigan court distinguished *People v. Jones*, 37 Mich.App. 283, 285, 194 N.W.2d 534, 535 (1971), where a plea was set aside. There the defendant was incorrectly informed that the maximum sentence was five years, but the trial court revised it to a maximum of ten years. The Michigan Court of Appeals held that a defendant should not suffer misfortune because of a misstatement by the court. *Id.* at 284, 194 N.W.2d at 535.

Other decisions have held that court misstatements regarding sentence length, probation, or parole invalidated pleas either on constitutional grounds or as violation of rules of criminal procedure. *See Gates v. United States*, 515 F.2d 73 (7th Cir. 1975) (court incorrectly told defendant of parole opportunity at time of sentence); *Spradely v. United States*, 421 F.2d 1043 (5th Cir. 1970) (judge incorrectly discussed eligibility for parole with defendant at time of sentence, resulting in ruling that it was not necessary to inform but error to misinform); *State v. Holbert*, 114 Ariz. 244, 560 P.2d 428 (1977) (plea was not knowingly and intelligently made where judge incorrectly told defendant he was eligible for parole in five years rather than forty); *State v. Davis*, 115 Ariz. 153, 564 P.2d 104 (1977) (because court misinformed defendant that he could get probation, plea was held not intelligently entered); *State v. Geiger*, 113 Ariz. 297, 552 P.2d 1191 (1976) (plea not intelligently made where court referred to crime as misdemeanor rather than felony); *State v. Riley*, 24 Ariz.App. 412, 539 P.2d 526 (1975) (court erroneously told defendant he was eligible for probation); *State v. Pope*, 17 Wash.App. 609, 564 P.2d 1179 (1977) (court incorrectly told defendant minimum sentence was five years when correct number was twenty).

We conclude that defendant's motion in arrest of judgment should have been sustained by the district court and remand the case for such entry and for further appropriate proceedings.

**REVERSED AND REMANDED.**