# IN THE COURT OF APPEALS OF IOWA

No. 16-1318
Filed August 2, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**LUCAS BENJAMIN LEONHARD,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Louisa County, Mary Ann Brown, Judge.

　　　　Lucas Leonhard appeals his judgment and sentence entered after his guilty plea to eluding. **AFFIRMED.**

　　　　Eric D. Tindal of Nidey Erdahl Tindal & Fisher, PLC, Williamsburg, for appellant.

　　　　Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

　　　　Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Lucas Leonhard appeals his judgment and sentence entered after his guilty plea to eluding, in violation of Iowa Code section 321.279(3)(b) (2015), a class "D" felony. Leonhard filed a motion in arrest of judgment claiming his attorney did not provide him with "all the information on what [he] was truly pleading guilty to." When the trial court denied the motion and entered judgment, Leonhard appealed, claiming there was no factual basis for his guilty plea and the district court violated his Fifth and Sixth Amendment rights when it failed to provide him with new counsel to assist him with his motion in arrest of judgment.

We find Leonhard provided a sufficient factual basis for his plea during the plea colloquy and the court was under no obligation to provide new counsel after properly questioning Leonhard regarding his motion in arrest of judgment. We therefore affirm his conviction.

## I. Background Facts and Proceedings

On November 10, 2015, Louisa County Sheriff's deputies, armed with the knowledge that Leonhard had a warrant out for his arrest and his driving privileges had been revoked, attempted to execute a traffic stop of the Nissan Maxima Leonhard was observed driving. Leonhard initially pulled the car over onto the shoulder of the highway as if he was going to stop, but then he accelerated away from the officers. A high-speed chase ensued with Leonhard speeding over one hundred twenty-seven miles per hour in a fifty-five miles per hour zone. Officers deployed stop sticks, and Leonhard's car became disabled after running over them. Once his car stopped, Leonhard was arrested and officers found methamphetamine and marijuana in the car. By amended trial

information, Leonhard was charged with eluding as an habitual offender, a class "D" felony, in violation of Iowa Code sections 321.279(3)(b)[1] and 902.8. He was also charged with driving while under revocation, in violation of Iowa Code section 321J.21, a serious misdemeanor. Leonhard pleaded guilty to the lesser charge of eluding without the habitual offender enhancement. The State agreed to dismiss the driving while under revocation charge. Both parties agreed to incarceration as part of the plea agreement.

During the plea hearing, in discussing the factual basis of the charge, there was some confusion about whether the substance Leonhard possessed while eluding was methamphetamine or marijuana. The court asked, "And it was methamphetamine, wasn't it?" The prosecutor responded, "Yes, your honor." Leonhard was allowed to consult with his attorney. After having consulted with Leonard off the record, his attorney responded to the court's question: "I believe the factual basis that Mr. Leonhard is prepared to provide today, Your Honor, regarding the controlled substance is marijuana, not methamphetamine. I don't think that that changes the result because marijuana is still a controlled substance under 124.401. Did I state that accurately, Mr. Leonhard?" Leonhard responded, "Yeah." The prosecutor then agreed that if Leonhard was willing to stipulate to marijuana as the substance in his possession, the State would agree to that stipulation as a basis for Leonhard's plea. After Leonhard again consulted with his attorney off the record, the court asked him: "So the State would have to prove all those elements I talked about and the only change would be that the—

---

[1] The amended trial information alleged Leonhard exceeded the speed limit by twenty-five miles per hour or more and while being in violation of Iowa Code § 124.401 (possession of controlled substance). *See* Iowa Code § 321.279(3)(b).

during the time of this eluding, you had in your possession marijuana. Do you understand those elements?" Leonhard responded, "Yes, ma'am."

The court asked Leonhard specifically about the elements of the crime: "And when you failed to stop, did you then exceed the speed limit by 25 miles per hour or more?" and "When you were doing this, did you have in your possession marijuana?" After Leonhard answered yes to both of the court's questions, the parties agreed these questions were a sufficient factual basis for Leonhard's plea.

Leonhard did not claim to have any concerns regarding his plea or his attorney during the plea hearing:

> THE COURT: Mr. Leonhard, are you comfortable with the decision to plead guilty today in this case?
> THE DEFENDANT: Yeah.
> THE COURT: Do you think that it would do you any good to pursue these possible defenses in any way?
> THE DEFENDANT: No.
> THE COURT: Are you satisfied with the services of your attorney?
> THE DEFENDANT: Yeah.

After his plea hearing, Leonhard contacted his attorney to file a motion in arrest of judgment. He claimed his attorney did not provide him with adequate representation and did not fully explain how his trial would go if he chose not to take a plea. Leonard's attorney filed a motion in arrest of judgment and a motion to withdraw guilty plea. Leonhard's attorney advised Leonhard to submit a letter to the court elaborating on his request to vacate his guilty plea. In the letter submitted to the court, Leonhard did not claim there was any defect in the plea hearing or colloquy but instead claimed he was lying to the court when he

answered its questions and his attorney did not give him enough information to allow him to make an informed decision to plead guilty.

At the sentencing hearing, the district court questioned Leonhard and his attorney regarding Leonhard's allegations in his motion in arrest of judgment. The court found there were no allegations that Leonhard was suffering from any kind of mental or physical defect when making his plea that would have prevented him from understanding his guilty plea. The court also found during his plea hearing, Leonhard had told the court enough information about the crime to support a factual basis for his guilty plea. The court denied Leonhard's motion in arrest of judgment and sentenced him to a period of incarceration not to exceed five years.

Leonhard appeals from the judgment and sentence contending the district court erred in denying his motion in arrest of judgment because the plea lacked a factual basis, and the court violated his Fifth and Sixth Amendment rights when it failed to provide him with substitute counsel to assist with his motion in arrest of judgment.

## II. Standard of Review

We review a trial court's decision on a motion in arrest of judgment for abuse of discretion. *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). We will only find abuse of such discretion when the defendant shows the reasons for the decision were clearly untenable or unreasonable. *Id.* A reason is untenable when based on an erroneous application of law. *Id.*

The standard of review for a denial of a request for substitute counsel is abuse of discretion. *State v. Tejeda*, 677 N.W.2d 744, 749 (Iowa 2004).

Leonhard's Fifth and Sixth Amendment claim that the court should have appointed him substitute counsel sua sponte will be reviewed de novo. *Id.*

### III. Analysis

#### a. Factual Basis for Plea

Leonhard contends the trial court did not have a factual basis for his guilty plea when he entered it. In order to accept a guilty plea, the trial court must find a factual basis in the record. *State v. Keane*, 630 N.W.2d 579, 581 (Iowa 2001). The factual basis can come from the inquiry of the defendant, the inquiry of the prosecutor, the presentence investigation, and the minutes of evidence. *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). In order to support an adequate factual basis for the charge of eluding in violation of Iowa Code section 321.279(3)(b), the record must show Leonhard was in possession of a controlled substance, in violation of Iowa Code section 124.401, when he was eluding the police.[2]

Leonhard claims his counsel and the State should not have been allowed to stipulate to his possession of marijuana instead of methamphetamine during his plea hearing. However, statements from the defendant during a plea colloquy can be used to establish a factual basis for the plea. *Id.* Leonhard agreed to this stipulation before the court, and he affirmatively answered the court's question clarifying he was in possession of marijuana while eluding law enforcement officers.

When a defendant pleads guilty and the plea does not violate Iowa Rule of Criminal Procedure 8(2)(b), the defendant waives all defenses and objections. *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000) (citations omitted). A

---

[2] Iowa Code § 124.401 covers possession of both marijuana and methamphetamine.

defendant may claim they did not make their plea voluntarily or intelligently. *Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014). If a defendant later claims he lied during his plea, the plea is still considered voluntary and intelligent. "To enter a guilty plea voluntarily and intelligently means the defendant has a full understanding of the consequences of a plea." *State v. Boone*, 298 N.W.2d 335, 337 (Iowa 1980).

Leonhard had a full understanding of the consequences of his plea, but he claims he lied when answering the court's questions because he "thought that was pretty much what [he] had to say." He went on to say,

> So me lying to you, yes, I did. But it wasn't like I was lying, like, just to lie to you. I guess, I don't know. I guess, that doesn't make any sense either. But it was kind of like more like I didn't know what else I was supposed to tell you, I guess. I don't know. Most of the time I'm used to saying yes and going to prison.

Leonhard does not claim he was ignorant of the consequences of his plea. Leonhard has prior courtroom experience, this being his fifth felony plea. He testified he understood what he was doing when he pleaded guilty.

The court's use of Leonhard's statements to support a factual basis for the fulfillment of the section 124.401 element of the offense was not an abuse of discretion. The court reasonably relied on his statements in court, and we will defer to its discretion.

### b. Substitute Counsel

Leonhard claims the court violated his Fifth and Sixth Amendment rights when it did not provide him with new counsel to assist with his motion in arrest of judgment. When a defendant requests the court to appoint new counsel, he must prove a sufficient reason for the substitution. *State v. Webb*, 516 N.W.2d

824, 828 (Iowa 1994). Sufficient reasons include "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *Id.* (quoting *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1992)).

The State claims Leonhard did not preserve error to raise this claim because he did not request substitute counsel. Indeed, Leonhard claimed his counsel inadequately prepared him for his guilty plea, but he did not specifically request substitute counsel to assist him in his motion. A court has a duty to inquire about a defense counsel's performance if a defendant claims his counsel was inadequate, even if the defendant does not specifically request substitute counsel. *State v. Tejada*, 677 N.W.2d at 750. A court has fulfilled its duty to inquire if the court questions the defendant personally about their counsel's performance. *Id.* at 751. If a defendant writes a letter detailing the grievances they have with their counsel, they preserve error, even if they do not specifically request substitute counsel. *Id.* at 749.

The court extensively questioned Leonhard personally about his complaint regarding the alleged breakdown in communication with his attorney. A breakdown in communication is a "severe and pervasive conflict with his attorney or . . . such minimal contact with the attorney that meaningful communication was not possible." *Id.* at 752 (quoting *United States. v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002)). Leonhard claimed his counsel did not sit him down and discuss possible trial outcomes with him. He also claimed his counsel was not aware of some details in his case. These claims do not rise to the level of sufficient reason for substitution. There was no pervasive or severe conflict

between Leonhard and his attorney, and they were able to have discussions about his case. Leonhard claims a breakdown in communication, but during his plea, he stated he was satisfied with his attorney's performance. He stated no one put pressure on him to plead guilty.

Upon our de novo review of the record, we find the district court did not abuse its discretion in failing to appoint Leonhard with substitute counsel.

## IV. Conclusion

The trial court had a sufficient factual basis to accept Leonhard's guilty plea for eluding in violation of Iowa Code section 321.279(3)(b). The court did not abuse its discretion in relying on statements from Leonhard that he possessed marijuana when he was eluding law enforcement officers. The trial court also did not abuse its discretion in failing to sua sponte provide Leonhard substitute counsel when he filed his motion in arrest of judgment. Leonhard did not request new counsel at that time, and the court fulfilled its duty by questioning Leonhard personally regarding his claims of inadequate counsel. Accordingly, we affirm the district court's judgment and sentence.

**AFFIRMED.**