# IN THE COURT OF APPEALS OF IOWA

No. 19-0232
Filed October 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STUART MICHAEL VANMERSBERGEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, James D. Birkenholz, District Associate Judge.

Stuart Vanmersbergen appeals his guilty plea to operating while intoxicated, second offense, and operating while barred. **AFFIRMED.**

Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Stuart Vanmersbergen appeals from his conviction by guilty plea to operating while intoxicated, second offense, and operating while barred. Through an ineffective-assistance-of-counsel claim, he argues he did not understand the plea offer before submitting his plea. Because the record is inadequate to address his ineffective-assistance claim on direct appeal, we preserve it for any later postconviction-relief action. We affirm his conviction and sentence.

**I. Background Facts and Proceedings.**

On October 1, 2018, Vanmersbergen, with the assistance of counsel, entered a written guilty plea. In that plea, he pleaded guilty to one count of operating while intoxicated, second offense, in violation of Iowa Code section 321J.2 (2018) and one count of operating a motor vehicle while barred in violation of Iowa Code sections 321.560 and .561. The plea agreement recommended a two-year sentence with all but seven days suspended, fines, and four years of supervised probation. But the plea agreement noted, "The Court has the discretion to accept or reject any plea agreement made between the State of Iowa and me."

As part of his written plea, Vanmersbergen signed and dated three separate provisions acknowledging and waiving several rights, including waivers of his rights to: (1) "directly appeal [his] guilty plea," (2) file a motion in arrest of judgment, and (3) allocution. He also signed and dated an acknowledgement of appeal rights. Presented with the guilty plea, the court accepted it the same day and set the case for sentencing on November 26.

On January 25, 2019, during an unreported sentencing hearing, the court sentenced Vanmersbergen to two years in prison on each count, with the

sentences to run concurrently, as well as an $1875 fine and applicable surcharge and costs, including court-appointed attorney fees. The court ordered that Vanmersbergen undergo screening for placement in a continuum of programming for supervision and treatment of offenders convicted under Iowa Code chapter 321J. He now appeals.

## II. Standard of Review.

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

## III. Analysis.

Before July 1, 2019, criminal defendants could raise ineffective-assistance-of-counsel claims on direct appeal if they had "reasonable grounds to believe that the record is adequate to address the claim on direct appeal." Iowa Code § 814.7(2) (2018); *Straw*, 709 N.W.2d at 133. Effective July 1, 2019, the legislature prohibited an appellate court from addressing an ineffective-assistance-of-counsel claim on direct appeal. 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). The Iowa Supreme Court determined this statutory amendment applies prospectively only. *See State v. Macke*, ___ N.W.2d ___, ___, No. 18-0839, 2019 WL 4382985, at *7 (Iowa 2019) ("We conclude the absence of retroactivity language in sections 814.6 and 814.7 means those provisions apply only prospectively and do not apply to cases pending on July 1, 2019."). For that reason, the statutory amendment does not affect this case. That said, we must decide whether the record is adequate to address Vanmersbergen's claim on direct appeal.

Vanmersbergen asserts his guilty plea was not knowingly, voluntarily, and intelligently entered because he received ineffective assistance of counsel. He complains that he felt pressured to accept the plea and did not realize he might go to prison. *See State v. Boone*, 298 N.W.2d 335, 337 (Iowa 1980) (holding that before accepting a guilty plea, the district court must ensure that the defendant understands the consequences of the plea).

The appeal record sheds little light on Vanmersbergen's decision to plead guilty. The judgment entry relayed the district court's sentencing concern that it was Vanmersbergen's lifetime fourth OWI and he was minimizing his substance-abuse issues. Complicating the matter and garnering the special attention of the court, Vanmersbergen failed to appear for sentencing twice leading to the issuance of two warrants for his arrest. While the State had recommended suspended sentences, as the written plea takes note, there is no guarantee that the court will accept any plea proposals. Because there is no record of a plea hearing and the sentencing hearing was unreported, this record is not adequate to address Vanmersbergen's claim of ineffective assistance of counsel on direct appeal. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his [or her] day in court, especially when his [or her] professional reputation is impugned.").

**IV. Disposition.**

For all of the above stated reasons, we preserve Vanmersbergen's ineffective-assistance-of-counsel claim for any later postconviction-relief action and affirm his guilty plea and sentence.

**AFFIRMED.**