**STATE of Iowa, Appellee,**

v.

**Ernest GRIFFIN, Appellant.**

**No. 58464.**

Supreme Court of Iowa.

Feb. 18, 1976.

John M. Thompson, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., and Eugene J. Kopecky, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant was charged by county attorney's information with breaking and entering in violation of § 708.8, The Code. Following plea negotiations he ultimately pled guilty.

Although the prosecution recommended a deferred sentence, defendant was sentenced to 120 days imprisonment in Linn County jail, suspended during his good behavior, and he was placed on probation for a two year period.

Appealing, defendant asserts 1) his plea was involuntarily entered and 2) trial court abused its discretion in imposing a suspended sentence despite the deferred sentence recommendations advanced by the prosecutor and pre-sentence investigator. As we reverse and remand on the first issue it is unnecessary to consider the second.

I. Defendant contends his plea of guilty was rendered involuntary by trial court's plea hearing statement it would "probably" allow defendant to withdraw his guilty plea if it concluded it would not follow the State's recommendation of deferred sentence.

At the plea hearing the court carefully attempted to follow the requirements of *Brainard v. State,* 222 N.W.2d 711 (Iowa 1974) and *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969), employing language calculated to be understood by a lay person.

But at one point trial court made the following statement:

"THE COURT: All right. Well, he doesn't have any rights to withdraw his plea except subject to the approval of the Court, though I would assume that the Court would go along if the State were in a position where it was not going to stand with its recommendation. I believe that's correct, Mr. Thompson [defense counsel]. That is, if the State for any reason re-

treats from its recommendation of a deferred sentence, then the Court would let Mr. Griffin withdraw his plea. *But if the State just says, 'All right, we'll recommend a deferred sentence,' and the presentence report shows he's been in a lot of trouble, I think you and your client must know that the Court's not going to go along with a deferred sentence and probably would let him withdraw his plea. Do you understand that?"* (Emphasis supplied.)

Trial court subsequently informed defendant several times it was not obligated to follow the State's recommendation and that the court alone would determine what sentence would be imposed. But the above quoted statement remained in the record.

At the sentencing proceeding trial court stated it was not inclined to go along with the State's recommendation. He gave defense counsel opportunity to move to withdraw the guilty plea. The motion was made and overruled. The court imposed the sentence indicated above. Trial court, apparently believing the issue was clear cut, remarked, "If the Supreme Court wants to say that I have to let a man withdraw a plea because I can't go along with the presentence negotiations, then they are going to have to say it to me again."

Absent trial court's plea hearing remarks first above quoted, this appeal might be affirmed under our holdings in *State v. Townsend*, 238 N.W.2d 351 (Iowa 1976) and *State v. Parrish*, 232 N.W.2d 511 (Iowa 1975).

But the quoted colloquy could well have induced defendant to believe the court would permit withdrawal of the guilty plea if it found itself unable to go along with the State's deferred sentence recommendation, despite the court's later statements to the contrary. We are unwilling to speculate about the matter.

■ II. Nor are we persuaded by the State's contention a guilty plea should not be set aside as involuntary in the absence of an allegation that defendant is in fact inno-

cent. The applicable rule is one of constitutional due process which invalidates an involuntary guilty plea. The application to withdraw a guilty plea does not involve any issue of guilt or innocence. See *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425 (1968); *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927); *State v. Sisco,* supra.

Accordingly, this case is reversed and remanded with instructions that (1) the sentence be set aside; (2) defendant be afforded opportunity to withdraw his guilty plea and (3) for further appropriate proceedings.

Reversed and remanded with instructions.