**STATE of Iowa, Appellee,**

v.

**Harold Cecil WOOLSEY, Appellant.**

No. 58473.

Supreme Court of Iowa.

April 14, 1976.

Tyce S. Smith, Springfield, Mo., and David E. Green, Carroll, for appellant.

Richard C. Turner, Atty. Gen., H. Dale Huffman, County Atty., and Charles A. Gunderson, Sp. County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

MASON, Justice.

Harold Cecil Woolsey was charged by county attorney's information filed June 18, 1974, with the crime of larceny in the nighttime of "one or two lawnmowers worth more than twenty dollars" from the Summit Hill Cemetery Association of Pocahontas. The crime occurred June 7, 1974, and defendant and his accomplice were caught in the act. Detailed facts would not be relevant to discussion of the issues presented on appeal.

Defendant initially plead not guilty at the July 26, 1974, arraignment. The following November 13 defendant again appeared in court with counsel and this time tendered a plea of guilty. A presentence investigation was ordered and sentencing set for December 13. January 20, 1975, defendant's motion to withdraw his plea of guilty was sustained and he secured new counsel. March 25 defendant again appeared in court and moved to withdraw his plea of not guilty which was granted and tendered a plea of guilty. The guilty plea proceedings of this date give rise to this appeal by defendant.

Before the trial judge proceeded to address defendant personally to determine whether his plea of guilty was voluntarily and intelligently tendered the following record was made by one of defendant's counsel who also represents him on this appeal:

"MR. SMITH: At this time, Your Honor, I have had a conference with my client, Mr. Woolsey, and local counsel, Mr. David Green, and there was some misunderstanding at the time of the prior entering of the plea between counsel for Mr. Woolsey at the time which was not myself concerning the nature of the indeterminate sentence of the provision of the Iowa Code that's been since explained to him. At this time he wishes to withdraw his plea of not guilty and enter a plea of guilty. The statutory admonitions I have given to him. Also the maximum-minimum sentences, but I know you—Your Honor—has to do that again. I won't go through the admonitions that I have given him, and so Mr. Woolsey is being presented to the court for your inquiries at this time."

We wish to commend the trial judge, the Honorable Edward J. Flattery, for the admirable manner in which he followed the guidelines recommended by this court in *Brainard v. State,* 222 N.W.2d 711, 722–723 (Iowa 1974). It was explained to defendant he possessed the right to trial by jury at which he would be presumed innocent and where he could confront the State's witnesses and have the right to cross-examine them. Defendant was informed he had a right against self-incrimination although he could testify in his own behalf and that he could subpoena witnesses and be furnished an attorney, both at state expense. Judge Flattery explained the charge, thoroughly discussed the elements of the crime and ascertained there was a factual basis. Finally, it was explained more than once the maximum penalty for the crime was ten years. On these occasions defendant stated he understood this. The trial court, before accepting the plea of guilty, conducted a further colloquy with defendant personally and with counsel for the prosecution and the State for the purpose of satisfying himself there was a factual basis for the plea.

At the May 23, 1975, sentencing hearing the State recommended defendant be sent to the penitentiary. After defense attorney Smith stated he had examined the presentence report and noted the fact defendant had a previous record, a somewhat elaborate sentence was recommended under which defendant would serve three months per year in the county jail for the next ten years. Counsel conceded the chance for a bench probation was slim.

The trial court again asked if defendant understood the maximum penalty was ten years and whether his attorneys had explained "there is also some minimum penalty prescribed by statute." Defendant replied in the affirmative. At that the court sentenced defendant to a term of ten years at the Men's Penitentiary in Fort Madison.

Defendant now appeals from judgment imposing sentence upon his conviction asserting the district court failed to adequately inform him of the consequences of his plea.

■ A plea of guilty in order to provide the basis for conviction and support a judgment and sentence must be a voluntary and intelligent act done with actual knowledge of the existence and meaning of the constitutional rights involved and with full understanding of the nature of the charge made against him and the direct consequences of the plea. *State v. Reppert,* 215 N.W.2d 302, 304 (Iowa 1974).

■ I. Defendant contends the trial court's failure to fully inform defendant he was ineligible for a deferred judgment or a suspended sentence and probation under the provisions of section 789A.1, The Code, as a consequence of his guilty plea was error.

Section 789A.1 provides in pertinent part:

"*Deferred judgment or suspended sentence—probation.* The trial court may, upon a plea of guilty, verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, exercise either of the options contained in subsections 1 and 2. * * *.

"1. With the consent of the defendant, the court may defer judgment and place the defendant on probation upon such terms and conditions as it may require. Upon fulfillment of the terms of probation the defendant shall be discharged without entry of judgment. Upon violation of the terms, the court may enter an adjudication of guilt and proceed as otherwise provided.

"However, this subsection shall not be available if any of the following is true:

"* * * *

"f. The defendant has been previously convicted of a felony. 'Felony' means a conviction in a court of this or any other state or of the United States, of an offense classified as a felony by the law under which he was convicted at the time of his conviction.

"* * * *"

The presentence report indicates defendant has been convicted of several previous crimes, including four Missouri convictions—two for larceny, one for petty larceny and one for burglary. He also served 18 months at the Lincoln, Nebraska State Prison for breaking and entering. Several other offenses are set out in the report.

■ It is plain under subsection 1 of this statute defendant was ineligible for a deferred judgment and probation. However, his ineligibility was not a consequence of his guilty plea to the crime of larceny in the nighttime contrary to section 709.4, The Code. This statute does not automatically deny eligibility for a suspended sentence and grant of probation to those convicted of violating its provisions. Rather, such ineligibility stems from the provisions of section 789A.1, subsection 1(f), as a consequence of defendant's previous convictions of felonies.

II. At another point defendant argues the trial court erred in not informing him that under section 789.13 the maximum period of imprisonment had to be imposed with the parole board being empowered to release defendant at its discretion.

■ The section involved provides in pertinent part:

"*Indeterminate sentences.* When any person over sixteen years of age is convicted of a felony, * * * the court imposing a sentence of confinement in the penitentiary, men's or women's reformatory shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime of which the prisoner was convicted."

The transcript of the proceedings had at the plea and sentencing stages in the trial court discloses the sentencing judge read section 709.4 to defendant in its entirety and then inquired if he understood the indeterminate sentence law. Defendant replied, "Yes, I understand, sir." This positive assertion by defendant that he possessed an awareness of the indeterminate sentence law coupled with defense counsel's specific assurance, set out earlier, that the misunderstanding between defendant and his former counsel concerning the nature of the indeterminate sentence provision of the Iowa Code had since been explained to him compels the conclusion this contention is wholly without merit. See *Tucker v. United States,* 409 F.2d 1291, 1295 (5 Cir. 1969), cited with apparent approval in *State v. Reppert,* 215 N.W.2d at 306 and 307.

" * * * [W]hen, as here, issues as to violation of constitutional safeguards are raised this court is obliged to make an independent evaluation of the totality of the relevant circumstances shown by the entire record under which rulings on those constitutional rights were made. That is, when a constitutional issue is presented, the evidence relevant to the issue is reviewed de novo. * * * [citing authorities]." *Rinehart v. State,* 234 N.W.2d 649, 658 (Iowa 1975).

A de novo review of the totality of the relevant circumstances here establishes defendant's guilty plea was voluntarily and intelligently tendered and had a factual basis.

The case is

Affirmed.