STATE of Iowa, Appellee,

v.

Christopher Mark WEST, Appellant.

No. 67575.

Supreme Court of Iowa.

Nov. 24, 1982.

Helen L. Stirling of Roehrick, Lavorato, Schuster & Hassel, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Charles G. Neighbor, Jasper County Atty., for appellee.

McCORMICK, Justice.

Defendant Christopher Mark West appeals from his conviction and sentence upon his guilty plea to second degree robbery as defined in Iowa Code section 711.3 (1981). He attacks the validity of his plea on the ground that the trial court misinformed him concerning the penal consequences of the plea on two occasions, once before the plea was accepted and once just after sentencing. We remand the case to allow defendant a hearing on his claim his plea should be set aside because he was misled by misadvice about sentencing possibilities before his plea was accepted.

Defendant did not challenge the validity of his plea by motion in arrest of judgment. The bar to appellate challenge that is ordinarily applicable in such circumstances under Iowa R.Crim.P. 23(3)(a) is inapplicable here, however, because the trial court did not advise him pursuant to rule 8(2)(d) that a failure to challenge the plea by motion in arrest of judgment operates as such a bar. *See State v. Worley,* 297 N.W.2d 368, 370 (Iowa 1980). Moreover, the time for filing a motion in arrest of judgment expired five days before occurrence of the incident after sentencing. We therefore reach the merits of defendant's present contentions.

I. Becuase second degree robbery is a forcible felony, conviction of the offense carries a mandatory penalty. Iowa Code §§ 702.11, 907.3 (1981). Before taking the plea, the trial court had a duty to address the defendant personally to tell him and determine that he understood the maximum penalty for the offense. Iowa R.Crim.P. 8(2)(b)(2). It was not necessary for the court to inform him he was ineligible for deferred judgment or probation, but the voluntary and intelligent nature of the plea would be affected by any misstatement of the court placing in defendant's mind "the flickering hope of a disposition on sentencing that was not possible." *State v. Boone,* 298 N.W.2d 335, 338 (Iowa 1980).

Here, before accepting the plea, Judge Missildine told defendant not to plead guilty on the assumption he was going to receive other than the maximum sentence. Nevertheless, he also said:

I intend to order a presentence investigation from the department of court services in this case. I will be guided quite a bit by that. When the time for sentencing arrives, I will consider what the county attorney says, if anything, and what your attorney says, if anything, and arrive at what I think is the proper sentence in this case.

Even though the judge did not tell defendant he was eligible for deferred sentence or probation, the judge's statement made it appear he had discretion concerning what the sentence would be. Defendant requests an opportunity to show his plea was induced by the erroneous belief the court had such discretion.

This case comes within the holding in *Boone*. If upon remand defendant demonstrates that the court's statement led him to believe he was eligible for a sentence for which he was ineligible, he is entitled to have the judgment and plea set aside and to plead anew. *See* 298 N.W.2d at 338.

■ II. Defendant also complains that a statement made by the sentencing court, Judge Denato, misled him concerning his right to reconsideration of his sentence pursuant to section 902.4. He argues that this caused him to pass up an opportunity to move to withdraw his guilty plea.

It is true defendant's sentence was not subject to reconsideration because a person sentenced for a forcible felony is ineligible for shock sentencing. *See State v. Broten*, 295 N.W.2d 453 (Iowa 1980). The court's alleged misadvice, however, did not occur until *after* sentence had been pronounced. It certainly could not have affected the voluntary and intelligent nature of defendant's guilty plea entered a month earlier, and it surely could not have influenced defendant's failure to move to withdraw his plea *before* judgment as authorized by rule 8(2)(a). The case is thus factually and legally distinguishable from *Spradley v. United States*, 421 F.2d 1043 (5th Cir.1970), on which defendant relies. The mistake in *Spradley* occurred before sentencing.

We find no merit in defendant's contention that he was deprived of an opportunity to attack his plea before sentencing by an event that occurred after sentencing.

For the reasons in division I, however, we remand for further proceedings.

CASE REMANDED.

All Justices concur except HARRIS, CARTER, LeGRAND, and McGIVERIN, JJ., who dissent.

HARRIS, Justice (dissenting).

I cannot believe the trial court can be charged with giving defendant any hope, glimmering or otherwise, that he might escape serving the maximum sentence. During the guilty plea proceeding, and before the plea was entered, the court told defendant:

I would not want you to plead guilty based on the assumption the court was going to do anything, particularly, by way of sentencing, other than the maximum penalty which I have outlined.

The majority remands the case because of remarks of the trial court in ordering a presentence investigation:

I intend to order a presentence investigation from the department of court services in this case. I will be guided quite a bit by that. When the time for sentencing arrives, I will consider what the county attorney says, if anything, and what your attorney says and then arrive at what I think is the proper sentence. . . .

The trial court, however, took great pains to keep defendant from harboring any hopes about the sentence. After the comments which the majority complains about, the trial court went on:

But you understand you are not pleading guilty because you think the court will do or not do some other thing. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Have there been any threats or promises made to you at all to get you to plead guilty?

THE DEFENDANT: No.

THE COURT: No predictions made as to what the court's sentence is likely to be, that is, other than the maximum penalty which I have explained to you. Do you understand that?

THE DEFENDANT: Yes.

A month later defendant was sentenced by a different judge. The second judge stated:

Mr. West, on August 18 of this year you entered a plea of guilty to this court to the charge of robbery in the second degree in violation of the Code of Iowa. [This] class C felony ... is a forcible felony, and the court has no option under law but to make the sentence that is about to be passed upon you.

We of course do not know whether defendant had been previously told by his lawyer that the sentence was mandatory. We do know that, having been told in court that it was, he did not immediately move before sentence to withdraw his plea. *See* Iowa R.Crim.P. 8(2)(a). The trial court then pronounced sentence: "Accordingly, you are sentenced to an indeterminate time not to exceed ten years in an institution to be chosen by administrative authorities of the State."

Once again I feel obliged to protest the triumph of form over substance. *See State v. Fluhr,* 287 N.W.2d 857, 869–70 (Iowa 1980) (dissenting opinion); *State v. Reaves,* 254 N.W.2d 488, 492 (Iowa 1977). We have come far. Notwithstanding our later retreat, *see State v. Griffin,* 238 N.W.2d 780, 781 (Iowa 1976), we at one time believed that a defendant should, at the very least, be required to claim innocence in order to set aside a guilty plea. *State v. Whitehead,* 163 N.W.2d 899, 903 (Iowa 1969).

Defendant's position is not appreciably different here because of what the judge said about the presentence investigation. Would the majority find a glimmering but false hope if the presentence report had been merely ordered, without further comment? Would there have been a trace of a glimmer if the judge had expressed doubt of his authority to suspend or defer sentence but would order a presentence investigation and study the matter?

Surely, in the absence of some claim of innocence, we should trust the lawyer, furnished so often by the taxpayers, to advise the accused on the law and trust the judge, within the statutory framework, to set and pronounce sentence. As it is, with each addition to the prescribed litany, we increase the likelihood that a claim will be made that a judge gave some lawyer's client the wrong legal advice.

The defendant here was in no way harmed by the ordering of a presentence investigation. On the whole record I cannot believe he was misled by what the judge said when ordering it. I agree with the majority's conclusions in division II and would affirm.

McGIVERIN, J., joins this dissent.

CARTER, Justice (dissenting).

I dissent. We recognized in *State v. Woosley,* 240 N.W.2d 651, 653 (Iowa 1976) that the court is not required to inform a defendant of a mandatory sentence as a condition precedent to acceptance of a guilty plea. An inescapable consequence of that holding is a possibility that a defendant may in fact believe that there is a possibility of probation where none exists. Conversely, it is also possible that there was in fact no misunderstanding on defendant's part.

On the present record, I find no action of the trial court from which it may be determined on direct appeal that defendant was in fact mislead in this regard. I believe that under such circumstances he must offer proof that he was mislead in order to be entitled to relief from the judgment. Absent such a showing on the record in a direct appeal, our disposition should be to affirm the judgment without prejudice to defendant's right to raise the issue by means of an application for postconviction relief.

LeGRAND, J., joins in this dissent.