**STATE of Iowa, Appellee,**

v.

**Antoine L. GLENN, Appellant.**

No. 92–1549.

Court of Appeals of Iowa.

Aug. 6, 1993.

Linda Del Gallo, State Appellate Defender and Patricia J. Cone–Fisher, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie Halligan Brown, Asst. Atty. Gen., Verd Bailey, County Atty., and Richard Davidson, Jr., Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

The defendant was charged by trial information with assault with a dangerous weapon. The defendant subsequently entered a guilty plea to the charge. During the guilty plea proceedings, the district court did not inform the defendant of the rights he was waiving by entering the guilty plea. During the course of the guilty plea proceeding, the district court asked the defendant four times whether he had any additional questions regarding his plea. The defendant gave negative responses to the court's questions. The State claims that these responses indicated the defendant's approval of the court's waiver of the formalities required by Iowa Rule of Criminal Procedure 8 where a serious or aggravated misdemeanor is involved. The court also did not inform the defendant regarding the need to file a motion in arrest of judgment to challenge any defect in the guilty plea proceeding.

The defendant failed to file a motion in arrest of judgment. On September 14, 1992, the district court sentenced the defendant to an indeterminate two-year prison term to be served consecutively with a prior sentence. On October 5, 1992, the defendant filed a notice of appeal.

■ This court reviews plea proceedings for correction of errors at law. Iowa R.App.P. 4. Iowa Rule of Criminal Procedure 23(3)(a) requires a defendant to challenge any defect in a guilty plea proceeding by a motion in arrest of judgment or be barred from challenging the proceeding on appeal. Appellate review is not barred, however, when the court fails to comply with Iowa Rule of Criminal Procedure 8(2)(d) by failing to inform the defendant that "any challenges to a plea of guilty ... must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R.Crim.P. 8(2)(d); *State v. West,* 326 N.W.2d 316, 317 (Iowa 1982). We therefore reach the merits of defendant's appeal.

■ In support of the trial court, we find from the record that the court did inform the defendant of the charge against him and of the possible punishment in his situation. Iowa R.Crim.P. 8(2)(b). These actions do not rise to the level of substantial compliance. *See State v. Kirchoff,* 452 N.W.2d 801, 804 (Iowa 1990). The court failed to inform the defendant of the very important jury trial rights he was giving up by pleading guilty. Even if we presume for sake of argument that, because of discussions with his attorney, defendant was not unaware of the rights he was giving up, this does not relieve the trial court of its responsibility to determine that the defendant understands those rights. Iowa R.Crim.P. 8(2)(b); *State v. Fluhr,* 287 N.W.2d 857, 867 (Iowa 1980) (partially overruled on other grounds). Failure by the court to do so was error.

■ Iowa Rule of Criminal Procedure 8(2)(b) provides a discretionary exception to the requirement that the court inform the defendant of the rights given up by pleading guilty if the defendant approves the waiver. We do not find support in the record that defendant approved a waiver of the rule's procedures when he did not ask any questions in response to the court's invitation to do so four times. *See* Iowa R.Crim.P. 8(2)(b). Since there was no approval of a waiver by the defendant, nor evidence that the court purposefully waived the rule's requirements, the trial court erred in not clearly informing defendant of the trial rights he was giving up by pleading guilty. *See* Iowa R.Crim.P. 8(2)(b)(3-4).

For the foregoing reasons, we reverse the judgment and sentence of the trial court and remand the case for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**