# IN THE COURT OF APPEALS OF IOWA

No. 21-0317
Filed August 3, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TROY LEE PATRICK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Troy Patrick appeals his convictions for delivery of a controlled substance and failure to possess a tax stamp.  **AFFIRMED.**


        Martha Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Greer, P.J., Schumacher, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VOGEL, Senior Judge.**

Troy Patrick pled guilty to and was convicted of four charges: (1) delivery of methamphetamine as a habitual offender; (2) delivery of cocaine salt; (3) delivery of methamphetamine; and (4) failure to possess a tax stamp. *See* Iowa Code §§ 124.401(1)(c), 453B.3, 453B.12 (2017). He appeals, arguing his plea was defective because the district court did not advise him of his right to compulsory process.

The State begins by arguing Patrick lacks good cause to appeal. *See id.*§ 814.6(1)(a) (2021) (stating a defendant has no right to appeal from a guilty plea to other than a class "A" felony unless "the defendant establishes good cause"). Patrick argues he established good cause because the district court did not adequately advise him he must file a motion in arrest of judgment in order to challenge his guilty plea on appeal.

A defendant typically must file a motion in arrest of judgment in order to challenge defects in a guilty plea on appeal. *See* Iowa R. Crim. P. 2.24(3)(a). However, our supreme court has long recognized a defendant may challenge a guilty plea without filing a motion in arrest of judgment if the district court did not "ensure the defendant understands the necessity of filing a motion to challenge a guilty plea and the consequences of a failure to do so." *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003); *see also State v. West*, 326 N.W.2d 316, 317 (Iowa 1982) (reaching the merits of the defendant's guilty-plea challenge "because the trial court did not advise him pursuant to [current rule 2.8(2)(d)] that a failure to challenge the plea by motion in arrest of judgment operates as such a bar").

The good-cause requirement was enacted in 2019. *See* 2019 Iowa Acts ch. 140, § 28 (enacting section 814.6(1)(a)(3)); *see also State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (finding the good-cause requirement applies to a judgment and sentence entered on or after July 1, 2019). The State argues the 2019 legislation severely restricted a defendant's ability to appeal a guilty plea and the district court's alleged failure to adequately advise the defendant of the need to file a motion in arrest of judgment is not "good cause" to appeal. However, the supreme court has twice recently recognized a defendant may still appeal a guilty plea without filing a motion in arrest of judgment if "the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021); *see also State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (same). While the district court's alleged failure to advise the defendant of the need to file a motion in arrest of judgment was not at issue in either case, we read the opinions as signaling such a defect in the colloquy presents good cause to appeal. *See Treptow*, 960 N.W.2d at 109; *Tucker*, 959 N.W.2d at 153.

Alternatively, the State argues the alleged absence of an effective waiver of the right to file a motion in arrest of judgment is not subject to the good-cause determination in section 814.6(1)(a)(3). Instead, the State argues a defendant claiming such a defect must seek discretionary review under section 814.6(2)(f). This section states "[d]iscretionary review may be available" for "[a]n order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim." Iowa Code § 814.6(2)(f). However, this language only addresses the denial of a motion in arrest of judgment and not the absence of an effective

waiver of such a motion. Even assuming Patrick must seek discretionary review, we "may grant discretionary review upon a determination that (1) substantial justice has not been accorded the applicant, (2) the grounds set forth in rule 6.104(1)(d) for an interlocutory appeal exist, or (3) the grounds set forth in any statute allowing discretionary review exist." Iowa R. App. P. 6.106(2). Thus, if Patrick's argument is subject to discretionary review, we treat his appeal as an application for discretionary review and grant review.[1]

Turning to Patrick's argument the district court did not adequately advise him of the need to file a motion in arrest of judgment, the district court addressed a motion in arrest of judgment during the plea colloquy:

> THE COURT: . . . . [Y]ou have the right to file what's called a motion in arrest of judgment. A motion in arrest of judgment is a motion that you file in an effort to withdraw your guilty plea. That motion must be filed within 45 days of today's date but at least five days prior to your sentencing. Obviously if you are sentenced immediately following your guilty plea, there is no time for you to contemplate or discuss with your attorney or file a motion in arrest of judgment. Do you understand that you have the right to file a motion in arrest of judgment?
> PATRICK: Yes, sir.
> THE COURT: Do you have any questions about your right to file a motion in arrest of judgment?
> PATRICK: No, sir.
> THE COURT: Is it your desire to waive your right to file a motion in arrest of judgment in order to be sentenced immediately here this morning?
> PATRICK: Yes, sir.

This colloquy did not advise Patrick that failure to file a motion in arrest of judgment would foreclose him from challenging defects in the plea proceedings on appeal.

---

[1] In unpublished opinions, this court has twice granted discretionary review of the denial of a motion in arrest of judgment under section 814.6(2)(f). *See State v. Tutson*, No. 21-0990, 2022 WL 1236763, at *1–2 (Iowa Ct. App. Apr. 27, 2022); *State v. Scott*, No. 20-1453, 2022 WL 610570, at *4 (Iowa Ct. App. Mar. 2, 2022).

While we recognize ever-changing statutes can cause difficulty for the district courts in ensuring waivers are knowing and voluntary, this colloquy does not actually or substantially comply with the court's obligation to "ensure the defendant understands the necessity of filing a motion to challenge a guilty plea and the consequences of a failure to do so." *See Loye*, 670 N.W.2d at 150. Therefore, the record does not establish Patrick effectively waived his right to file a motion in arrest of judgment, and we consider the merits of his challenge to his guilty plea.

Patrick argues his guilty plea was defective because the district court failed to advise him of his right to compulsory process in securing the attendance of witnesses. *See* Iowa R. Crim. P. 2.8(2)(b)(4) (requiring the district court, before accepting a guilty plea, to ensure the defendant understands "the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance"). "We review challenges to plea proceedings for correction of errors at law." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017).

The State concedes the district court's colloquy was "materially identical" to the colloquy that failed to advise the defendant of the right to compulsory process in *State v. Myers*, 653 N.W.2d 574, 577 (Iowa 2002). Assuming the court did not adequately advise Patrick of his right to compulsory process, the State notes a challenge to a guilty plea based on a defect in the colloquy requires the defendant to prove "the defendant more likely than not would not have pled guilty if the defect had not occurred." Iowa Code § 814.29. The State argues Patrick has not carried this burden.

In his brief to us, Patrick only asserts knowledge of compulsory service "would color his judgment when deciding whether to plead guilty" and "would also

affect his understanding of" trial strategy. He does not argue he "more likely than not would not have pled guilty if" advised of his right to compulsory process. *See id.* The record also contains no indication he was concerned about the attendance of his witnesses before pleading guilty.

Furthermore, the record shows Patrick had considerable incentive to plead guilty. During the plea hearing, the assistant county attorney described the plea agreement and how a guilty plea would benefit Patrick, including a recommendation for a total term of incarceration not to exceed twenty-five years and suspended fines. The State's exhibit list and witness list show the State was prepared to offer significant evidence of Patrick's guilt, including testimony from seven police officers, three baggies of seized drugs, recordings of controlled buys, and a laboratory report.

Considering the record as a whole, Patrick failed to show he more likely than not would not have pled guilty if properly advised of his right to compulsory process. Having reached the merits of his argument, we reject his challenge to his guilty plea and affirm his convictions.

**AFFIRMED.**